**Richmond**

MATTHEW P. CHAMBLISS

v.

COMMONWEALTH OF VIRGINIA

No. 0212-88-2

Decided December 5, 1989

COUNSEL

John B. Boatwright, III (Boatwright & Linka, on briefs), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Matthew P. Chambliss contends that the Commonwealth exercised its four peremptory challenges in a racially discriminatory manner when it struck four potential jurors of his race from the jury that convicted him. We conclude that the record does not support Chambliss' claim of discrimination.

Chambliss was charged with possession of cocaine, possession of a firearm while possessing cocaine, and possession of drug paraphernalia. During jury selection, the Commonwealth's attorney exercised four peremptory strikes to exclude prospective jurors Gregg, Townsend, Jones, and Phillips, all black males. In response to defense counsel's objection that the Commonwealth exercised its peremptory strikes in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), the trial judge requested an explanation for the strikes.[1] The Commonwealth's attorney indicated that he removed Gregg and Townsend because of their criminal records. The Commonwealth's attorney further stated:

Mr. Troy Jones and Mr. Eric Phillips are what appeared to me the youngest individuals on the jury panel, although they are, in fact, black males. My experience has been that the majority of cases I prosecute in the drug area include young individuals, people who because of either school or people they hang around with — young people, in my opinion and

---

[1] We assume, for purposes of this opinion, that the trial judge found that a *prima facie* case of discrimination had been established.

my experience, are more involved than older people. Although I realized when I struck those two individuals that they were, in fact, black, that was not my reasoning behind it. I'm concerned with young people in today's society being more permissive with the drug use than an older person would be. Apparently there's a trend, at least one I've made, that it's more common nowadays to have drugs used among younger individuals, and that's the reason I struck those. Everyone appeared, physically, looking older than the two individuals who were left.

I would also note for the record that Mr. Troy Jones was wearing what appeared to me to be some sort of sweat suit. I didn't think personally that was very appropriate attire for the court. It really doesn't, in my opinion, suggest a respectfully serving juror. That also was an additional concern on my behalf, Judge. That's why I struck Mr. Troy Jones.

In response, defense counsel stated, "I did not notice a sweat suit . . . he was wearing appropriate clothing for the weather and the occasion." That challenge to the Commonwealth's statement was not rebutted. Defense counsel, however, did not challenge the comments concerning the ages of Jones and Phillips.

The trial judge denied defense counsel's motion, stating:

I find no fault with Mr. McNally's reasoning for the strikes that he took, particularly in view of the makeup of the remaining panel. So I deny your motion in regard to there being anything improper with the strikes.

The record reflects, and Chambliss does not dispute, that Gregg and Townsend were removed from the panel because of their criminal records. Chambliss directs our inquiry to the reasons stated for striking Jones and Phillips. He contends that "the prosecutor assumed a group bias and assumed it applied to Jones and Phillips without a shred of fact in the record to support either assumption." We conclude, however, that the Commonwealth provided racially neutral reasons for the strikes. *See Batson*, 476 U.S. at 98. The record contains no challenge concerning the Commonwealth's assertion that Jones and Phillips were the youngest members of the jury panel. In addition, the record affirmatively reflects

that Phillips was eighteen years of age and Jones was twenty-one years of age. Moreover, the Commonwealth's explanation bore a relationship to the particular case being tried. *See Jackson v. Commonwealth*, 8 Va. App. 176, 185, 380 S.E.2d 1, 6, *aff'd en banc*, 9 Va. App. 169, 384 S.E.2d 343 (1989). There has been no showing on this record that the explanation was related to racial considerations or was pretextual. *Id.* at 184, 380 S.E.2d at 5.

▬ Because the trial judge based his ruling upon both the reasons advanced by the Commonwealth and "the makeup of the remaining panel," we take this opportunity to reiterate a pertinent statement in *Jackson*:

Nothing in *Batson* mandates, however, the "complete exclusion of a racial group in order to prove discrimination." To the contrary, under *Batson*, the trial judge is required to consider all relevant circumstances, including, but not limited to (1) a pattern of strikes against persons of the cognizable racial group included in the particular venire, which might give rise to an inference of discrimination, and (2) the Commonwealth's attorney's questions and statements during voir dire examination and in exercising his challenges. Establishing some magic number or percentage to trigger a *Batson* inquiry would short circuit the case-by-case determination whether the "facts and any other relevant circumstances raise an inference" of discrimination.

Just as the mere exclusion of one or more blacks from the jury does not always give rise to an equal protection violation, so too, the mere inclusion of blacks on a jury does not automatically preclude a finding of a *prima facie* case, especially where other facts and circumstances give rise to an inference of prosecutorial discrimination. " 'A single invidiously discriminatory governmental act' is not 'immunized by the absence of such discrimination in the making of other comparable decisions.' "

8 Va. App. at 183, 380 S.E.2d at 4-5 (citations omitted).

On this record, we conclude that the Commonwealth provided racially neutral reasons for the strikes, sufficient to rebut any pre-

sumption that the strikes were motivated by racial considerations. Accordingly, the judgment is affirmed.

*Affirmed.*

Cole, J., and Duff, J., concurred.