## Norfolk

SAMUEL MITCHELL LINSEY

v.

COMMONWEALTH OF VIRGINIA

No. 1457-91-1

Decided September 14, 1993

COUNSEL

Robert G. MacDonald (Grissom & MacDonald, P.C., on brief), for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**\*—In a jury trial, Samuel Mitchell Linsey (Linsey), an African-American defendant, was convicted of burglary, grand larceny, and assault and battery. This appeal concerns the prosecutor's exercise of a peremptory challenge to remove the only African-American venireman from the jury panel. Linsey contends that the trial court erred in ruling that he failed to establish a *prima facie* case of purposeful discrimination under *Batson v. Kentucky,* 476 U.S. 79 (1986), and in refusing to require the prosecutor to explain his reasons for striking the venireman. We agree and reverse.

---

\* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.

A defendant has "a constitutional right to be tried by a jury selected pursuant to racially neutral and nondiscriminatory guidelines." *Winfield v. Commonwealth,* 12 Va. App. 446, 448, 404 S.E.2d 398, 399 (1991), *aff'd en banc,* 14 Va. App. 1049, 421 S.E.2d 468 (1992). A defendant may establish a *prima facie* case of purposeful discrimination under the Fourteenth Amendment solely on the prosecutor's exercise of peremptory challenges. *Taitano v. Commonwealth,* 4 Va. App. 342, 346, 358 S.E.2d 590, 592 (1987). To establish a *prima facie* case, a defendant must first show that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to remove members of the defendant's race from the jury pool.[1] *Batson,* 476 U.S. at 96. Second, a defendant may rely on the fact that peremptory challenges permit "'those to discriminate who are of a mind to discriminate.'" *Id.* (citation omitted). Third, a defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor acted to exclude members of the jury because of their race. *Id.*

"In *Batson,* the Supreme Court did not specify the quantum of proof necessary to establish a *prima facie* case of purposeful discrimination." *Jackson v. Commonwealth,* 8 Va. App. 176, 182, 380 S.E.2d 1, 4, *aff'd en banc,* 9 Va. App. 169, 384 S.E.2d 343 (1989). However, the Court identified two relevant circumstances to be considered by the trial court in determining whether a *prima facie* case has been proven: (1) a "pattern" of strikes against persons of the cognizable racial group in the venire, and (2) the prosecutor's questions and statements during *voir dire* and in exercising his peremptory challenges. *Id.* at 183, 380 S.E.2d at 4.

The record shows that Linsey is an African-American and the prosecutor exercised one of his peremptory challenges to remove from the venire a member of Linsey's race. Additionally, Linsey is entitled to rely on the fact that the exercise of peremptory challenges permits "'those to discriminate who are of a mind to discriminate.'" *Batson,* 476 U.S. at 96. Therefore, the first two prongs of the *Batson* test have been satisfied.

---

[1] "Racial identity between the defendant and the excused person 'is irrelevant to a defendant's standing to object to the discriminatory use of peremptory challenges.'" *Carter v. Commonwealth,* 16 Va. App. 118, 123 n.4, 428 S.E.2d 34, 39 n.4 (1993) (quoting *Powers v. Ohio,* 499 U.S. 400, 416 (1991)).

Moreover, these facts and other relevant circumstances raise an inference that the prosecutor excluded the African-American juror because of her race. Only one African-American was on the venire of twenty persons. The African-American juror who was struck from the panel was one of six veniremen who did not respond to any questions during *voir dire.*[2] Of these six persons who were silent during *voir dire* questioning, the prosecutor struck only the African-American juror. Here, the prosecutor excused the African-American juror without questioning during *voir dire. See Jackson,* 8 Va. App. at 184, 380 S.E.2d at 5. However, the remaining white jurors who were not questioned by the prosecutor on *voir dire* were not removed from the venire.

■ Although the act of striking from the venire the only person of the same race as the defendant does not always, standing alone, establish a *prima facie* case of purposeful discrimination, *see id.* at 183, 380 S.E.2d at 4 (citing *Batson,* 476 U.S. at 101 (White, J., concurring)), "a single act of invidious discrimination may form the basis for an equal protection violation." *Id.* at 183, 380 S.E.2d at 5. Indeed, in a recent civil case, the Virginia Supreme Court held that a *prima facie* case of discrimination was established where the plaintiff exercised a peremptory strike to exclude the only African-American venireman from the panel. *Faison v. Hudson,* 243 Va. 397, 402, 417 S.E.2d 305, 308 (1992)[3]. In *Faison,* the plaintiff contended that the evidence was insufficient to establish a *prima facie* case of discrimination. Although the Court held that this issue was waived when counsel "undertook to articulate reasons for striking [the juror] without first raising the procedural issue whether a *prima facie* case had been established," the Court also addressed, and rejected, plaintiff's contention that no *prima facie* case of purposeful discrimination had been proven. *Id.*

> [W]e agree that Faison presented sufficient facts to establish a *prima facie* case of discrimination. Faison is a black man, and the [plaintiff] removed from the venire the only member of Faison's race. Additionally, Faison was entitled to rely on the fact, which

---

[2] The *voir dire* questions were designed to determine bias and impartiality; a response to a question would prompt further questioning to ensure that the potential juror was free from bias or partiality; no response would indicate that the juror was free from exception.

[3] In *Faison,* the Court recognized that the United States Supreme Court's decision in *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614 (1991), had extended the *Batson* ruling to civil cases. 243 Va. at 400-01, 417 S.E.2d at 307.

cannot be disputed, that peremptory challenges constitute a practice that permits "'those to discriminate who are of a mind to discriminate.'"

*Id.* (citation omitted).

■ We hold that Linsey established a *prima facie* case of purposeful discrimination under the Equal Protection Clause of the United States Constitution.[4] "Once the defendant makes the requisite showing, the burden shifts to the Commonwealth to come forward with a racially neutral explanation for removing persons of defendant's race from the panel." *See Jackson,* 8 Va. App. at 181, 380 S.E.2d at 3. In stressing the importance of providing a complete record for appeal of a *Batson* challenge, we have recognized that "[a] trial court's finding that no *prima facie* case has been made cannot operate to short-circuit appellate inquiry into a *Batson* claim." *Carter,* 16 Va. App. at 124 n.5, 428 S.E.2d at 39 n.5. Consequently, because Linsey established a *prima facie* case, the trial court erred in refusing to require the prosecutor to offer a race-neutral explanation for striking the only African-American individual from the venire. Therefore, we reverse and remand for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Willis, J., concurred.

Baker, J., dissenting.

I respectfully disagree with the majority's finding that this record establishes that the prosecutor has been shown or is presumed to be guilty of racial discrimination or misconduct that required the trial court to sustain appellant's motion for mistrial based upon the prosecutor's peremptory strike of a black female juror.

The majority declares that, "To establish a *prima facie* case [requiring a race-neutral explanation for using the peremptory strike], a

---

[4] We do not hold, as the dissent states, "that the record establishes that the prosecutor has been shown or is presumed to be guilty of racial discrimination or misconduct that required the trial court to sustain [Linsey's] motion for a mistrial." Our holding is limited to the trial court's error in ruling that Linsey failed to establish a *prima facie* case of purposeful discrimination under *Batson* and in refusing to require the prosecutor to explain his reasons for striking the venireman in question. Moreover, we do not hold, as the dissent states, that "this prosecutor" is one of those who is of a mind to discriminate against African-Americans, nor do we infer that he is guilty of invidious discrimination. Neither of these matters is at issue in this appeal.

defendant must first show that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to remove members of the defendant's race from the jury pool. . . . Second, a defendant may rely on the fact that peremptory challenges permit 'those to discriminate who are of a mind to discriminate.' . . . Third, a defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor acted to exclude members of the jury because of their race." I concur with those legal propositions; however, I would hold that, as asserted by the prosecutor, "taking into account [of] the entire totality of the circumstances that this . . . issue shouldn't have been raised."

In response to the argument that striking a black female juror required a race-neutral explanation, the prosecutor expressed indignation at the charge that race was a factor in his strike, and in fact noted that, "in this particular setting being a black male myself . . . I am offended by the whole inquiry and . . . I think that taking into account . . . the . . . totality of the circumstances that this whole issue shouldn't have been raised." The prosecutor is clearly explaining that as "a black male [him]self," he did not consider the juror's race as his reason for striking her. I cannot join in an opinion that states, as the majority does, that this prosecutor is one of those who is of a mind to discriminate against blacks or that, as the opinion infers, is guilty of "invidious discrimination."

I would hold that under the totality of the circumstances shown by this record, the trial court did not err when it overruled appellant's motion for a mistrial.