COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JEROME M. GORE, S/K/A
 JEROME MAURICE GORE, JR.

MEMORANDUM OPINION[*] BY
v.  Record No. 1578-96-1          JUDGE RICHARD S. BRAY
                                     OCTOBER 21, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Michael Rosenberg for appellant.

Monica S. McElyea, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Jerome M. Gore (defendant) was convicted and sentenced by a jury for robbery, verdicts later approved by appropriate orders of the trial court.  Defendant complains on appeal that the trial court erroneously overruled his objection to the Commonwealth's unconstitutional exercise of peremptory challenges to remove black venirepersons.  We agree and reverse the conviction.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the issue on appeal.

In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court reaffirmed a defendant's "right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria" and condemned the peremptory exclusion of potential jurors "on

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

account of race" as violative of the Equal Protection Clause.
Id. at 85-86.  Subsequently, the Batson doctrine was extended to
civil litigation, protecting both litigants and venirepersons
alike from either race, Georgia v. McCollum, 505 U.S. 42 (1992);
Edmondson v. Leesville Concrete Co., 500 U.S. 614 (1991); see
generally Powers v. Ohio, 499 U.S. 400 (1991), or, gender-based
discrimination in jury selection.  J.E.B. v. Alabama ex rel.
T.B., 511 U.S. 127 (1994); Riley v. Commonwealth, 21 Va. App.
330, 464 S.E.2d 508 (1995).

Batson and its progeny have established the protocols which
guide a trial court's assessment of an allegedly discriminatory
peremptory challenge.

> The opponent of a peremptory challenge must
> establish a prima facie case of
> discrimination (step 1); once a prima facie
> case is made, the burden of production shifts
> to the proponent of the strike to produce a
> race-neutral or . . . gender-neutral
> explanation (step 2); if a [facially] neutral
> explanation is proffered, the trial court
> must then decide whether the opponent of the
> strike has met its burden and proved
> purposeful discrimination (step 3).[1]

Riley, 21 Va. App. at 333, 464 S.E.2d at 509; see also James v.
Commonwealth, 247 Va. 459, 461-62, 442 S.E.2d 396, 398 (1994).
"A neutral explanation . . . means an explanation based on

---

[1]Although the "actual sequence of events at trial"
oftentimes "merges the separate procedural steps" in a Batson
challenge, such "[c]onsolidation . . . does not invalidate the
process as long as . . . [it] does not adversely impact the
rights of any party." James v. Commonwealth, 247 Va. 459, 462,
442 S.E.2d 396, 398 (1994).

2

something other than the race of the juror."  Hernandez v. New York, 500 U.S. 352, 360 (1991).

If a challenged party undertakes to explain a disputed strike before the trial court finds the requisite prima facie case, step 1 is rendered moot.  Barksdale v. Commonwealth, 17 Va. App. 456, 459, 438 S.E.2d 761, 763 (1993) (en banc) (citation omitted).  At step 2,

> "a court must determine whether, assuming the proffered reasons for the peremptory challenges are true, the challenges violate the Equal Protection Clause as a matter of law."  If not, the "decisive question" for the trial judge . . . becomes "whether counsel's race-neutral explanation for a peremptory challenge should be believed," and, "once that has been settled, there seems nothing left to review."

Id. at 459-60, 438 S.E.2d at 763 (citation omitted).

"A 'trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal,' which should be disturbed only if 'clearly erroneous.'"  Id. at 460, 438 S.E.2d at 763 (citation omitted).  However, if "discriminatory intent is inherent in the explanation," the peremptory strikes were unconstitutional as a matter of law and the "trial court's finding of 'facial neutrality' is not given deference on appeal."  Riley, 21 Va. App. at 335, 464 S.E.2d at 510.

Here, the record discloses that the prosecutor exhausted three of four peremptory strikes on black venirepersons, prompting defendant, a black man, to raise a Batson objection.

3

In response, the prosecutor initially "disagree[d] with [defense] counsel's assertions that he made a prima facie case," but, nevertheless, explained the disputed strikes without awaiting a ruling by the trial court. After first attributing the challenges to "lack of attention, . . . lack of interest" exhibited by the targeted venirepersons during voir dire, the prosecutor added that he "was . . . mindful of trying to reach a split" which would result in "a fairly even, racially balanced jury, . . . assum[ing] . . . that defense was not going to strike any black Americans, and, of course, they did."

Under such circumstances, the prosecutor waived the necessity for defendant to establish a prima facie case of discrimination at step 1 of the Batson analysis. The explanation which attended step 2 clearly and impermissibly attributed the strikes in issue to race, "trying to reach a split" or "racially balanced" jury. The prosecutor's reliance upon other facially race-neutral considerations "does not overcome the constitutional infirmity" inherent in the racially tainted challenges to the petit jury venire. Id. at 336, 464 S.E.2d at 510.[2]

Accordingly, we must reverse the conviction and remand the case for a new trial if the Commonwealth be so advised.

---

[2]While the Commonwealth's contention that the prosecutor was merely "indicating that he would have been willing to forego his misgivings about some of the jurors he struck if removing them would have taken too many blacks off the jury" may be true and would explain the trial court's ruling, it is without support in the record before us.

4

<u>Reversed and remanded.</u>