COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


CHRIS O. TURNER, S/K/A
 CRIST O. TURNER
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1642-97-2      JUDGE NELSON T. OVERTON
                                         AUGUST 11, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

            Mary Katherine Martin, Senior Assistant
            Public Defender (John H. Cobb, Jr., Public
            Defender, on brief), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


        Chris Turner (defendant) was convicted by a jury of murder

of the second degree and received forty years imprisonment.  On

appeal, he contends four black members of the venire which

eventually composed his jury were stricken by the prosecution

because of their race.  Defendant ascribes error to the trial

court's ruling that he did not make out a prima facie case of

discrimination so as to require the prosecution to identify a

race-neutral reason for the strikes.  Because we agree defendant

made out a prima facie case, we reverse and remand.

        The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedental

value, no recitation of the facts is necessary.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The legal issue involved is a narrow one.  In <u>Batson v.</u>
<u>Kentucky</u>, 476 U.S. 79, 89 (1986), the United States Supreme Court
held purposeful discrimination based on race in selecting jurors
violates the Equal Protection Clause.  The procedure for
challenging strikes believed to violate <u>Batson</u> is strictly
circumscribed.

> The opponent of a peremptory challenge must
> establish a <u>prima</u> <u>facie</u> case of
> discrimination (step 1); once a <u>prima</u> <u>facie</u>
> case is made, the burden of production shifts
> to the proponent of the strike to produce a
> race-neutral or . . . gender-neutral
> explanation (step 2); if a [facially] neutral
> explanation is proffered, the trial court
> must then decide whether the opponent of the
> strike has met its burden and proved
> purposeful discrimination (step 3).

<u>Riley v. Commonwealth</u>, 21 Va. App. 330, 333, 464 S.E.2d 508, 509
(1995).  The trial court ruled defendant failed to complete step
one:  establishing a <u>prima</u> <u>facie</u> case of discrimination.  The
Commonwealth, therefore, was never forced to divulge a
race-neutral reason for the strikes.

The Supreme Court of the United States has roughly
delineated what constitutes a <u>prima</u> <u>facie</u> case.

> To establish . . . a case [of purposeful
> discrimination in the selection of the jury],
> the [moving party] first must show that he is
> a member of a cognizable racial group, . . .
> and that the [opposing party] has exercised
> peremptory challenges to remove from the
> venire members of the [moving party's] race.
>  Second, the [moving party] is entitled to
> rely on the fact, as to which there can be no
> dispute, that peremptory challenges
> constitute a jury selection practice that
> permits "those to discriminate who are of a
> mind to discriminate." . . .  Finally, the

> [moving party] must show that these facts and any other relevant circumstances raise an inference that the [opposing party] used that practice to exclude the veniremen from the . . . jury on account of their race. This combination of factors in the empaneling of the . . . jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

Batson, 476 U.S. at 96-97 (citations omitted).  Defendant clearly met the first two parts of this inquiry:  defendant himself is black and all four veniremen who were removed were also black. It was the third part, however, that the trial court found wanting.  Because the jury remained predominantly black, the court ruled a prima facie case was not established.

After both parties exercised their peremptory strikes, the jury was 58% black, down from 75% before the strikes.  While the numbers are important, "the mere inclusion of blacks on a jury does not automatically preclude a finding of a prima facie case." Jackson v. Commonwealth, 8 Va. App. 176, 183, 380 S.E.2d 1, 4, aff'd, 9 Va. App. 169, 384 S.E.2d 343 (1989) (en banc).  See also Taitano v. Commonwealth, 4 Va. App. 342, 347, 358 S.E.2d 590, 592 (1987) (prima facie case was established even though blacks remained on jury).  Two other "relevant circumstances" which raise an inference of discriminatory action include:  (1) whether the Commonwealth used a disproportionate number of strikes against blacks and (2) the quality and quantity of the Commonwealth's attorney's questions and statements during voir dire examination and in exercising his challenges.  See Jackson,

- 3 -

8 Va. App. at 183, 380 S.E.2d at 4 (citing <u>Batson</u>, 476 U.S. at 96-97).

In the instant matter, the Commonwealth used 100% of its strikes against black veniremen. This was a disproportionate number. <u>See</u> <u>Jackson</u>, 8 Va. App. at 184, 380 S.E.2d at 5 (using three out of four strikes against blacks was disproportionate). Further, the Commonwealth's attorney asked only two questions during <u>voir</u> <u>dire</u>. He asked whether any members of the venire had any family member or friend who was killed or murdered. The four veniremen who responded affirmatively to this question were not struck by the Commonwealth. He also asked whether any juror felt he could not look at pictures of the victim. None of the venire responded affirmatively to this question. The lack of meaningful <u>voir</u> <u>dire</u> suggests the Commonwealth's attorney had no information upon which to make a rational jury selection and raises the inference he reverted to striking veniremen based on race. Finally, the group which was struck was not alike in either age, gender or any other recognizable way.

We conclude the defendant made out a <u>prima</u> <u>facie</u> case of discriminatory action by the Commonwealth. The burden was then on the Commonwealth to rebut the presumption by offering a race-neutral reason for the peremptory strikes. The trial court's ruling that the Commonwealth need not rebut the inference was error. We reverse defendant's conviction and remand the case for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>