COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


DONNA L. BLANTON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1955-05-2                   JUDGE SAM W. COLEMAN III
                                                        APRIL 17, 2007
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                      Horace A. Revercomb, III, Judge

         Mark A. Murphy (Ramon E. Chalkley, III; Murphy & Strickland, on
         brief), for appellant.

         Robert H. Anderson, III, Senior Assistant Attorney General (Robert
         F. McDonnell, Attorney General, on brief), for appellee.


         Appellant, Donna L. Blanton, was convicted in a jury trial of first-degree murder and use

of a firearm in the commission of a felony.  On appeal, she contends the trial court erred by:

(1) permitting the Commonwealth to use all of its peremptory strikes against five white females

without supplying a gender-neutral reason; (2) refusing to strike Juror 12 due to his relationship

with the Commonwealth's Attorney; and (3) refusing to grant Instruction Numbers 13, 14, and

15 regarding motive.  We hold that the Commonwealth's peremptory strikes were gender-based,

and therefore, improper.  Accordingly, we reverse the convictions of the trial court and remand

the case for a new trial.  Our decision renders moot the question regarding the trial court's ruling

with respect to Juror 12.  We affirm the trial court's decision regarding appellant's proposed jury

instructions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>BATSON</u>

The Commonwealth used all five of its peremptory strikes to eliminate white females ranging in age from forty to sixty-seven. Appellant made a <u>Batson</u> motion, objecting that the strikes were impermissibly based on the jurors' gender and race, and the trial court asked for the Commonwealth's response. The Commonwealth offered the following explanation:

> Your Honor, I'm familiar with <u>Batson</u> and the Commonwealth's position – The Commonwealth will state for the record that the striking of the five females was not *racially motivated*. If you look at the age group of the females, and I'm familiar with the age group of – age of Ms. Blanton, and it was based primarily on whether or not they would be more favorable in the – in their deliberations towards the Commonwealth's position than the defense position. It was not *racially motivated*, you know, in terms of the strike. The Court is aware that in this case both the victim and the defendant are of the same race, both of them are white male and white female.

(Emphasis added.)

Appellant reiterated that her objection was based on gender as well as race. When the trial judge asked the Commonwealth's Attorney if he would like to comment on the gender aspect of the motion, the Commonwealth declined.

The trial court denied the <u>Batson</u> motion on both grounds, and ruled as follows:

> First of all, the Court has to consider whether or not there's a prima facie showing in order for the burden to shift. In this case we have a situation where the decedent and the defendant are of the same race, as are the members of the panel that the Commonwealth's Attorney exercised their peremptory strikes. I'm, therefore, of the opinion that that does not create a prima facie showing of discrimination on the basis of race. The age, of course, is not a factor to fit within the category of prima facie. And the Commonwealth has given the reason that's certainly not pretectoal [sic] or, if there were a prima facie showing with regard to gender. So I'm not satisfied that there is. He's explained why it would not be by basis of pretext but rather the reasons as is any peremptory challenge or strike utilized. Counsel should evaluate the prospective members of the jury to make a determination as to whether they may be more favorable or not to their client. Therefore, the Batson motion is overruled.

"[A] defendant [has] the right to be tried by a jury whose members are selected pursuant to non-discriminatory criteria." Batson v. Kentucky, 476 U.S. 79, 85-86 (1986). The Equal Protection Clause forbids peremptory exclusion of potential jurors solely on account of their race, id. at 89, and gender. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 146 (1994).

Batson articulated a three-step test by which the validity of a peremptory challenge may be assessed:

> When a defendant raises a challenge based on Batson, he must make a prima facie showing that the peremptory strike was made on racial grounds. At that point, the burden shifts to the prosecution to produce race-neutral explanations for striking the juror. The defendant may then provide reasons why the prosecution's explanations were pretextual and the strikes were discriminatory regardless of the prosecution's stated explanations. Whether the defendant has carried his burden of proving purposeful discrimination in the selection of the jury is then a matter to be decided by the trial court.

Jackson v. Commonwealth, 266 Va. 423, 436, 587 S.E.2d 532, 542 (2003). J.E.B. extended the same three-step test for assessing whether peremptory challenges comported with Equal Protection Clause protections to claimed gender discrimination. J.E.B. at 144-145. "A trial court's decision disposing of a Batson issue is accorded great deference and should not be disturbed on appeal if supported by credible evidence." Broady v. Commonwealth, 16 Va. App. 281, 285, 429 S.E.2d 468, 471 (1993).

Here, the trial court ruled "I'm not satisfied that there is" a prima facie showing of purposeful gender discrimination but, even assuming there were such a showing, the Commonwealth offered a gender-neutral explanation which was "not pretextual" and, therefore, met its burden. We reverse on both grounds.

A. Prima Facie Showing

> To establish . . . a case [of purposeful discrimination in the selection of the jury], the [moving party] first must show that he is a member of a cognizable racial group, . . . and that the [opposing

- 3 -

> party] has exercised peremptory challenges to remove from the venire members of the [moving party's] race. Second, the [moving party] is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." . . . Finally, the [moving party] must show that these facts and any other relevant circumstances raise an inference that the [opposing party] used that practice to exclude the veniremen from the . . . jury on account of their race. This combination of factors in the empaneling of the . . . jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

Batson, 476 U.S. at 96. These same principles apply to purposeful gender discrimination. See J.E.B., 511 U.S. at 146.

Here, appellant presented sufficient facts to establish a prima facie case of gender discrimination. Appellant is a woman, and the Commonwealth used all of its peremptory strikes to remove women from the venire, resulting in a predominantly male jury. See Jackson v. Commonwealth, 8 Va. App. 176, 184, 380 S.E.2d 1, 5 (1989) (using three out of four strikes against blacks was disproportionate). Furthermore, the Commonwealth's Attorney asked a limited number of questions during voir dire. Other than Juror No. 18, who was stricken for cause, he questioned only one other juror prior to exercising his peremptory strikes. The lack of meaningful voir dire suggests the Commonwealth's Attorney had little or no information upon which to select jurors and raises the inference he reverted to striking venirepersons based on gender. Id.; see Linsey v. Commonwealth, 17 Va. App. 47, 50, 435 S.E.2d 153, 155 (1993).

Based upon the circumstances before us, we hold that appellant made out a prima facie case of discriminatory action by the Commonwealth and, to the extent that the trial court denied appellant's motion on this basis, its decision was not supported by the record.

Even though the trial court appeared to base its decision, at least in part, on the fact that no prima facie showing of gender discrimination was made, nevertheless, the court considered

and ruled upon whether the Commonwealth's Attorney had established a gender-neutral reason for his strikes. Accordingly, we necessarily review that ruling.

### B. Gender-Neutral Explanation

The burden was then on the Commonwealth to rebut the presumption by offering a gender-neutral reason for the peremptory strikes. Because the record does not support the trial court's ruling that the Commonwealth offered such a reason, we reverse.

"A trial court's determination that the Commonwealth's explanation was gender-neutral is a finding on a matter of law and fully reviewable by this Court. Unlike a trial court's determination that the explanation is pretextual, a determination turning largely on the proponent's credibility, a trial court's finding of 'facial neutrality' is not given deference on appeal." Riley v. Commonwealth, 21 Va. App. 330, 335, 464 S.E.2d 508, 510 (1995).

Here, the Commonwealth responded only to the racial component of appellant's Batson challenge. Even after appellant reiterated that her challenge was also based on gender, and the trial court invited a response from the Commonwealth, the Commonwealth declined to offer any explanation. The only other explanation offered by the Commonwealth's Attorney was that the stricken female jurors and the appellant were members of the same age group "and it was based primarily on whether or not they would be more favorable in their deliberations towards the Commonwealth's position than the defense."

> The fact that the Commonwealth used age to identify which women to strike does not overcome the constitutional infirmity. The Commonwealth exercised its strikes based on the assumption that the women would hold particular views because of their gender. Such attempts to stereotype in the jury selection process are impermissible. Lying "at the very heart of the jury system" is the factual assumption that "jury competence is an individual rather than a group or class matter."

Id. at 336, 464 S.E.2d at 510 (citing J.E.B., 511 U.S. at 145 n.19).

Accordingly, because the record does not support the trial court's ruling that the Commonwealth offered a gender-neutral reason which was "not pretextual," we reverse and remand this case to the trial court for a new trial should the Commonwealth be so advised and for such further proceedings that are consistent with this opinion.[1]

INSTRUCTIONS 13, 14 AND 15

Appellant argues that the trial court erred in refusing to grant her proffered Instructions 13, 14, and 15 on circumstantial evidence. The trial court refused the instructions because they referred to motive, noting such a reference could potentially confuse the jury because the Commonwealth was not required to prove motive in a murder case. We address this issue because it may arise upon remand. We affirm the trial court's decision.

The instructions at issue stated as follows:

> **Instruction Number 13**: Where the evidence is wholly circumstantial, the burden is upon the Commonwealth to prove beyond a reasonable doubt that motive, time, place, means and conduct concur in pointing out the accused as the perpetrator of the crime.

> **Instruction Number 14**: In a case where the proof is circumstantial evidence, the time, place, means, opportunity, motive and conduct, or such of these facts as may be proved with other facts, if any, must all concur in pointing out the accused beyond reasonable doubt as the guilty agent.

> **Instruction Number 15**: The circumstances of motive, time, place, means and conduct must all concur to form an unbroken chain which links Donna L. Blanton to the crimes beyond a reasonable doubt.

With respect to circumstantial evidence, the trial court instructed the jury as follows:

> **Instruction Number 3**: It is not necessary that each element of the offense be proved by direct evidence, for an element may also be proved by circumstantial evidence. You may convict Donna L. Blanton on circumstantial evidence alone, or on circumstantial

---

[1] Given our ruling, the second issue raised on appeal, the propriety of seating Juror 12, is rendered moot.

> evidence combined with other evidence, if you believe from all the evidence that Donna L. Blanton is guilty beyond a reasonable doubt.
>
> When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence. It is not sufficient that the circumstances proved create a suspicion of guilt, however strong, or even a probability of guilt.
>
> The evidence as a whole must exclude every reasonable theory of innocence.

The jury was also instructed in Instruction Number 10 that the Commonwealth was not required to prove motive, but "[t]he presence or absence of a motive may be considered in arriving at your verdict."

The trial court's responsibility is "'to see that the law has been clearly stated and that the instructions cover all the issues which the evidence fairly raises.'" Stewart v. Commonwealth, 10 Va. App. 563, 570, 394 S.E.2d 509, 513 (1990) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)), and, on appeal we review the instructions "to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). However, "'[i]t is error to give an instruction, though correct as an abstract statement of law, unless there is sufficient evidence in the record to support it.'" Pannell v. Commonwealth, 9 Va. App. 170, 172, 384 S.E.2d 344, 345 (1989) (quoting Swift v. Commonwealth, 199 Va. 420, 424, 100 S.E.2d 9, 13 (1957)).

The trial court refused Instructions 13, 14, and 15, because

> the information to be given to the jury by [these instructions], as presented, specifically including motive, would be problematic for the jury and be a source of confusion. In light of the inclusion of motive in the three instructions that are refused. Given that the law is stated with regard to motive and circumstantial evidence in other instructions, the Court finds that instructions thirteen, fourteen, and fifteen ought to be refused, and they are.

While the Commonwealth offered evidence of appellant's motive, it was not required to prove appellant's motive to convict her of murder.  See Brown v. Commonwealth, 238 Va. 213, 221, 381 S.E.2d 225, 230 (1989).  Accordingly, we affirm the trial court's decision with regard to the jury instructions.

Affirmed, in part,
reversed, in part,
and remanded.