## Richmond

OAK KNOLLS REALTY CORPORATION V. LORRAINE THOMAS.

November 29, 1971.

Record No. 7581.

Present, All the Justices.

*Adelard L. Brault (Brault, Lewis and Geschickter,* on brief), for plaintiff in error.

*Michael E. McKenzie (McKenzie & Brown,* on brief), for defendant in error.

Per Curiam.

In this case of personal injury resulting from a slip and fall on ice, final judgment was entered in favor of the plaintiff, Lorraine Thomas, against the defendant, Oak Knolls Realty Corporation, upon a jury verdict in the sum of $12,500. We granted the defendant a writ of error limited to consideration of two instructions, Nos. 7 and 9, granted at the request of the plaintiff and relating to damages.

The plaintiff injured her right hip in the fall, and her condition was diagnosed as "trochanteric bursitis." At time of trial, approximately 21½ months after the fall, she was suffering "some minor discomfort."

[■ Instruction No. 7 permitted the jury to consider two elements of future loss claimed by the plaintiff. Paragraph 5 of the instruction covered future expenses for medical care, and paragraph 7 involved future loss of earnings and lessening of earning capacity.

It was error to include these two elements in the instruction. The evidence was not sufficient to support their consideration by the jury. Significantly, neither of the plaintiff's two medical witnesses was asked if future medical care would be required or whether the plaintiff's injuries would adversely affect her future working or earning capacity. And it could not reasonably have been inferred from the evidence that future medical expenses would be incurred or that the plaintiff would suffer future loss of earnings or lessening of earning capacity.

Instruction No. 9 was worded as follows:

"The test as to whether or not Mrs. Lorraine Thomas has suffered permanent injuries is: Will she be cured of the injuries? If she will, then the injuries are temporary; if she will not, they are permanent, and if they have some disabling effect, Mrs. Thomas is entitled to compensation for any such permanency from any person legally liable for such damage."

It was error to grant an instruction on permanent injury in this case because there was no evidence to support it. Only one of the plaintiff's medical witnesses was asked about permanency. The most that can be said of his testimony is that he studiously avoided saying that her injuries were *not* permanent. And the nature of the injuries was not such that the jury could reasonably have inferred that they were permanent.

■ Moreover, we think Instruction No. 9 should not have been given in any event. The instruction is taken from the language of our opinion in *Allen* v. *Brooks*, 203 Va. 357, 366, 124 S.E.2d 18, 25 (1962). We have often said that statements appearing in opinions of this court, while authority for the propositions set forth, are not necessarily proper language for jury instructions.

The language of the *Allen* case was intended as a guide for the trial courts to determine whether evidence is legally sufficient to

support an instruction on permanency in personal injury cases. It was not intended to be included in jury instructions and should not be so used because it might be considered a comment on the evidence by the court, which is, of course, not permissible.

For the errors in granting Instructions Nos. 7 and 9, the judgment of the trial court will be reversed and the case remanded for a new trial upon the issue of damages alone.

*Reversed and remanded.*