## Richmond

CLIFTON HENRY BASHAM, AN INFANT v. PAUL S. PATE.

April 24, 1972.

Record No. 7811.

Present, All the Justices.

*William B. Poff* (*Ronald M. Ayers; Woods, Rogers, Muse, Walker & Thornton,* on brief), for plaintiff in error.

*Dudley J. Emick, Jr.* (*Carter, Roe, Emick & Honts,* on brief), for defendant in error.

Per Curiam.

Paul S. Pate sustained personal injuries in an automobile accident allegedly caused by the negligence of Clifton Henry Basham. A verdict in the amount of $12,500 returned by the jury in favor of appellee has been approved by the trial court. Appellee's injuries consisted of lacerations, bruises and a broken wrist. In an instruction on damages the trial court permitted the jury to consider "any lessening of earning capacity he [Pate] may reasonably be expected to sustain in the future". Basham was awarded a writ of error to consider the correctness of this instruction.

At the time of his injury Pate was employed by the General Electric Company as an accumulator of parts, and earned a gross weekly wage of $105.60. He also worked eight hours on Saturdays as a security guard at a local hospital and earned $1.60 an hour. He estab-

lished a total loss of earnings of $1,859.40 by reason of his injury, and his medical expenses aggregated $305.65.

The medical testimony disclosed that the fracture of Pate's wrist had healed without significant deformity. His doctor testified that Pate could not grip tightly a small object, and that there was some loss of motion in the wrist. He rated the disability of appellee's hand and wrist, in terms of the entire arm, at 5%. It appears from his testimony that 5% "would be about the smallest increment of disability rating" that is given.

Pate testified that the injury to his wrist interferes with his hunting and that he now uses an automatic shotgun instead of a pump gun. He also said that he has difficulty in gripping a baseball bat and in holding an ax when he chops wood. He notices some difficulty in lifting trays with parts.

The record is completely devoid of any evidence that Pate's future earning capacity has been lessened by virtue of the injuries he sustained. There is no testimony that he is now unable to earn the same amount that he earned prior to his injury or that the injury has lessened his capability to perform the type of work he does, or his availability as an employee. There is no evidence that the injury has affected the possibility of his future promotion or advancement.

The instruction granted by the court on damages permitted the jury to consider any bodily injuries sustained by Pate and the extent and duration thereof; the effect of the injuries upon his health; any physical pain and mental anguish suffered, past and future; any disfigurement or deformity; any inconvenience and discomfort, past or probable in the future; any medical expenses; and any loss of earnings.

It was error for the court to have included in the instruction the paragraph which permitted the jury to consider any lessening of earning capacity that Pate might reasonably be expected to sustain in the future. We cannot say that the size of the verdict recovered by appellee was not affected by the jury's speculation concerning this item of damages that was not supported by evidence. *Beasley* v. *Bosschermuller*, 206 Va. 360, 143 S. E. 2d 881 (1965) and *Oak Knolls Realty* v. *Thomas*, 212 Va. 396, 184 S. E. 2d 809 (1971).

Appellant's liability to appellee has been established. Accordingly the judgment of the trial court is reversed and the case is remanded for a new trial limited solely to the issue of damages.

*Reversed and remanded.*