# Richmond

HARRY SWERSKY v. JOHN J. MCPEEK.

October 8, 1973.

Record No. 8198.

Present, All the Justices.

*John R. Crumpler, Jr. (Seawell, McCoy, Winston & Dalton,* on brief), for plaintiff in error.

*Raymond H. Strople (Dennis F. McMurran; Moody, McMurran & Miller,* on brief), for defendant in error.

Per Curiam.

John J. McPeek, a police officer, brought this action for personal injuries received while on duty when his motorcycle collided with an automobile operated by Harry Swersky. A jury trial resulted in a verdict for McPeek for $5,200, and we granted Swersky a writ of error to the judgment entered thereon. Swersky's liability is not in issue. The dispositive question for our determination is whether the trial court erred in instructing the jury that in assessing damages they might take into consideration, among other factors, any humiliation or embarrassment suffered by McPeek.

The accident occurred in the City of Norfolk on October 27, 1971. McPeek sustained contusions and bruises of his left shoulder, left elbow and left knee. There were abrasions and swelling of the elbow

and knee, but x-ray photographs established that no bones were fractured. Although his shoulder and elbow soon healed, McPeek continued to experience discomfort from his knee injury. McPeek's doctor stated, however, that there was no permanent disability. McPeek lost no pay but incurred total medical expenses of $145.30.

McPeek evinced a commendable interest in maintaining his physical fitness by exercise. He testified that, because of his knee injury, for a month or so after the accident he could not bend down as he usually did to play with his children, and he was somewhat "slowed down" in instructing his younger brothers in football and baseball. He exercised, first at home and then at a health club, occasionally wore a knee bandage, and used a "whirlpool" bath for therapeutic purposes. McPeek also testified that, when exercising extensively, "such as standing for a long time or running", he still suffered pains in his knee. But no evidence was presented that McPeek had suffered any disfigurement, embarrassment or humiliation as a result of his injuries.

The trial court, after eliminating disfigurement as an element of damages, gave Instruction No. 7[1] over Swersky's objection that there was no evidence to justify an award of damages for humiliation or embarrassment.

An instruction should not be given when there is no evidence tending to prove the facts on which the instruction is based. *Crawford* v. *Quarterman*, 210 Va. 598, 172 S.E.2d 739 (1970); *Wagner* v. *Fiery*, 206 Va. 370, 143 S.E.2d 876 (1965). In *Crawford*, 210 Va. at 606, 172 S.E.2d at 744, we disapproved an instruction that permitted the jury to award the plaintiff damages for deformity "and any humiliation or embarrassment associated therewith" where there was no evidence of deformity or of any humiliation or embarrassment resulting from his injuries. *See also Oak Knolls Realty* v. *Thomas*, 212 Va. 396, 397, 184 S.E.2d 809, 810 (1971), where we held that it was error to grant an instruction on permanent injury when no direct evidence supported it and the nature of the injuries was not such that the jury could reasonably have inferred that they were permanent.

Although McPeek did not testify that his injuries caused him any

---

[1] Instruction No. 7 provides in pertinent part:

"If from the evidence and the other instructions of the Court you find your verdict in favor of the plaintiff, then in assessing the damages to which he is entitled you may take into consideration any of the following which you believe from the evidence to have resulted from the collision:

* * * *

"4. Any humiliation or embarrassment . . . ."

humiliation or embarrassment, he argues that such testimony is not required because the jury could have inferred those consequences from the nature of his injuries. In *Beasley* v. *Bosschermuller*, 206 Va. 360, 367, 143 S.E.2d 881, 887 (1965), relied upon by McPeek, we upheld an instruction permitting the jury to award damages for humiliation or embarrassment where there was no direct evidence of any such damages. In that case, however, the jury could reasonably have inferred humiliation or embarrassment from the plaintiff's deformed leg and resulting limp which the evidence showed were a consequence of his injuries.

There was no direct evidence that McPeek's injuries resulted in humiliation or embarrassment to him. He suffered no deformity, disfigurement or disruption of bodily functions. McPeek's injuries, consisting of unexceptional bruises and abrasions, were not of such nature that the jury could reasonably have inferred that they caused him to suffer humiliation or embarrassment. Therefore, the granting of Instruction No. 7 without deleting therefrom item 4 requires that the judgment be reversed and the case remanded for a new trial limited to the issue of damages alone.

*Reversed and remanded.*