# Wilbur Michael Bailey

## v.

# Timothy W. Henderson, Jr.

Record No. 890737

June 8, 1990

Present: All the Justices

*William D. Breit (Breit, Drescher & Breit*, on brief), for appllant.

*Terry H. Davis, Jr. (Harris, Fears, Davis, Lynch & McDaniel*, on brief), for appellees.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

In this personal injury case, a jury awarded the plaintiff, Wilbur Michael Bailey, a verdict for $100,000 against the defendant, Timothy W. Henderson, Jr. Acting upon a defense motion, the trial court set the verdict aside, holding that it had erred in granting Instruction No. 2. This instruction permitted the jury to consider whether the plaintiff would suffer future "lessening of earning capacity" as a result of his injuries.

In a new trial limited to the issue of damages, a jury awarded the plaintiff a verdict for $25,000, upon which the trial court entered judgment. The dispositive question on appeal is whether the trial court properly granted Instruction No. 2 at the first trial. If that action was proper, it would follow that the court's action in ordering a new trial on damages was not proper.

Stated in the light most favorable to Bailey, the evidence shows that he was injured on June 9, 1985, when the automobile in which he was riding as a passenger was struck from behind by another vehicle. As a result of the impact, Bailey was thrown backward "very abruptly" and then forward into the windshield. He "ended up halfway in the floorboard and halfway in the seat." He experienced pain in his lower back, felt "numb all over," and "couldn't really walk." He was transported by ambulance to a Virginia Beach hospital, where he was treated and released.

Following the accident, Bailey continued to experience pain in his back and left leg. He was diagnosed as having sciatic nerve irritation, and his condition was described in the testimony of one of his physicians, Dr. Lawrence Morales, as "chronic and permanent." Dr. Morales told Bailey to engage in "no heavy lifting, no repetitive bending and stooping, and . . . no climbing, as in vertical ladders." Dr. Morales referred Bailey to Dr. Raymond Iglecia "as a possible candidate for a chronic pain clinic" operated by Iglecia.

At the pain clinic, Dr. Iglecia found that Bailey's "major problem was low neck and back pain." Dr. Iglecia testified that it was his goal to give Bailey "the best quality of life possible with what

he has." The doctor stated that while Bailey had "tried very very hard and . . . continued to make good progress," he recommended that Bailey continue under treatment "[f]or an undetermined period of time."

Bailey, 24 years of age, testified that, at the time of the accident, he had completed two years of training in "[e]lectrical apprenticeship" at a vocational school and would have completed his training and become a "certified electrician" in April, 1987, some sixteen months before trial. He stated that at the time of the accident he was employed by an electrical contractor at a rate of $6.27 per hour and that upon completion of his vocational training, he would have been guaranteed $13.00 per hour for a forty-hour week, pursuant to a written agreement with the contractor.

Bailey testified further that, because of the injuries he suffered in the accident, he could not return to electrical work and was forced to terminate his training in the apprenticeship program at the vocational school. Later, he secured part-time employment paying $5.00 per hour as a security guard at a hospital, but resigned after he aggravated his injury while subduing a person who attempted to assault a female doctor. At time of trial, Bailey was employed at Pizza Hut earning approximately $150 per week.

On appeal, Bailey argues that he met his burden of proof to permit the jury to consider "future lost earning capacity." On the other hand, Henderson argues that "the evidence in this case is far from adequate to show a lessening of earning capacity."

Henderson cites numerous decisions of this Court, but in only three did we reverse for error in permitting jury consideration of lessened future earning capacity. The three are *Beasley* v. *Bosschermuller*, 206 Va. 360, 143 S.E.2d 881 (1965), *Oak Knolls Realty* v. *Thomas*, 212 Va. 396, 184 S.E.2d 809 (1971), and *Basham* v. *Pate*, 212 Va. 772, 188 S.E.2d 198 (1972). In each case, the trial court granted an instruction permitting the jury to consider lessening of the plaintiff's future earning capacity. We reversed in each instance because the evidence was insufficient to support such an instruction.

This case, however, differs substantially from the three cited by Henderson. Here, the instruction on diminished future earning capacity is amply supported by evidence. This evidence consists, first, of the testimony of Bailey's medical experts showing that he suffers from a permanent sciatic nerve irritation which will impose severe limitations upon his work activity for an undetermined pe-

riod of time and, second, of Bailey's own testimony showing that his injuries prevent him from continuing his vocational training and obtaining a higher work classification and an increased rate of compensation in the future. *See Clark* v. *Chapman*, 238 Va. 655, 667, 385 S.E.2d 885, 892 (1989); *Exxon Corp.* v. *Fulgham*, 224 Va. 235, 242-43, 294 S.E.2d 894, 898 (1982).

■ Accordingly, we hold that the trial court did not err in granting Instruction No. 2 at the first trial. It follows that the court erred in setting aside the first verdict and ordering a new trial on the issue of damages. For this error, we will reverse the judgment entered on the second verdict, set aside that verdict, reinstate the first verdict, and enter final judgment in favor of Bailey.

*Reversed and final judgment.*