Richmond
WILLIAM FERNANDO MYRICK
v.
COMMONWEALTH OF VIRGINIA
No. 1477-89-2
Decided November 26, 1991

334

COUNSEL

Kenneth C. Chrisman (Binord, Johnson, Cloninger & Chrisman, on brief), for appellant.

.Thomas D. Bagwell, Senior Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

COLEMAN, J.—William Myrick Sr., was convicted in a bench trial in the Circuit Court of the City of Petersburg for distribution of cocaine in violation of Code § 18.2-248. He contends on appeal: (1) that the trial court erred by admitting into evidence the certificate of drug analysis in violation of Code § 19.2-187; and (2) that the evidence was insufficient to sustain his conviction. We conclude that the court did not err by admitting the certificate of analysis and that the evidence was sufficient to prove Myrick's guilt. Accordingly, we affirm the conviction.

An officer of the Petersburg Police Department who was engaged in surveillance of the 100 block of Halifax Street in the City of Petersburg observed Myrick make what the officer thought was a drug sale in the parking lot of Billy's Grocery. Immediately after the transaction, the officer arrested the purchaser, Proferio Chambers, as he walked away. Another officer arrived at the scene and arrested Myrick. While no drugs were found on Myrick, Chambers, who had purchased two vials from Myrick, managed to swallow one vial just before he was arrested. The police seized the remaining vial from Chambers and sent it to a laboratory for analysis.

At Myrick's trial, both the officer who witnessed the transaction and the officer who arrested Myrick testified. The witnessing officer testified that he saw Myrick give Chambers small plastic vials in exchange for money. Proferio Chambers testified for the Commonwealth and corroborated the observations of the police officer. Chambers stated that he was "hanging around" Billy's Grocery watching drugs being sold when Myrick approached him and asked him if he was "looking for anything." Initially Chambers said no, but then asked Myrick if he had "any rocks." Myrick left, returned about two minutes later, and, in exchange for $20, gave Chambers two vials of what appeared to be, and were represented by Myrick to be, crack cocaine. Chambers testified that the vial he swallowed made him numb, and because of his knowledge of cocaine gained from prior use, he recognized the substance, from its appearance and from the sensation he experienced, as crack cocaine.

When the Commonwealth sought to introduce the certificate of analysis from the forensic laboratory identifying the substance as

crack cocaine, Myrick objected on the ground that the filing requirements of Code § 19.2-187 had not been met because the certificate filed with the trial court was a copy and not the original. The Commonwealth's attorney indicated that the original had been filed in the Petersburg General District Court in the companion case against Proferio Chambers. The Commonwealth's attorney called the Clerk of the General District Court, presumably to testify that the original certificate was filed in that court. Myrick objected that the clerk was not permitted to testify by virtue of Code § 19.2-271. The court sustained that objection, and the clerk did not testify. However, over Myrick's objection, the court allowed a clerical employee of the Commonwealth's attorney to testify that she had filed the original certificate with the Petersburg General District Court and that she had made a copy of that certificate, which she had filed at the direction of the Commonwealth's attorney with the circuit court in Myrick's case. Prior to testifying, she obtained from the Petersburg General District Court a certified copy of the original certificate, which was also introduced as evidence in Myrick's trial. She compared the certified copy which she had obtained with the copy which she had previously filed in Myrick's case, and she testified that both were identical copies of the original certificate. The trial court ruled that filing the copy seven days before trial substantially complied with the requirements of Code § 19.2-187, and the court admitted both copies over Myrick's objection. Myrick was convicted, and this appeal followed.

## I. CERTIFICATE OF ANALYSIS

The trial court did not err by permitting the employee from the Commonwealth's attorney's office to testify that she had made a photocopy of the original certificate and filed the original and the copy in the two courts and that she had obtained an authenticated copy of the original for comparison at trial. Her testimony was limited to explaining how she performed administrative duties of copying and filing documents and obtaining certified copies. She offered no evidence concerning the substance of the certificates, nor did she testify concerning any factual question pertaining to the charged offenses which was in dispute.

A written report offered to prove the results of testing or of an analysis would generally be inadmissible hearsay evidence unless the person who conducted the testing or prepared the report

testified to authenticate the document and verify its contents. *See Allen v. Commonwealth*, 3 Va. App. 657, 353 S.E.2d 162 (1987). Code § 19.2-187 was enacted to allow into evidence a written report of an analysis or examination conducted by specified laboratories, without requiring that the technicians be present. The statute sets forth specific safeguards, however, with which the Commonwealth must comply when it seeks to have a certificate of drug analysis admitted into evidence without independently proving the test results or authenticity of the report:

In any hearing or trial of any criminal offense, a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services or the Division of Forensic Science . . . shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

Code § 19.2-187. Strict compliance with the pretrial filing provisions of Code § 19.2-187 is required. *See Gray v. Commonwealth*, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980); *Allen v. Commonwealth*, 3 Va. App. 657, 663, 353 S.E.2d 162, 166 (1987) (strict compliance with filing provision). *See also Stokes v. Commonwealth*, 11 Va. App. 550, 399 S.E.2d 453 (1991) (extending strict compliance to mailing provision added to the statute in 1983); *Mullins v. Commonwealth*, 12 Va. App. 372, 404 S.E.2d 237 (1991). The policy behind requiring strict compliance is that the statute establishes an exception to the rule against admitting hearsay, which traditionally has been considered unreliable evidence. Since the statute authorizes the admission into evidence of documents whose reliability had not been independently proven, the requirement that the certificate be filed seven days in advance provides some guarantee of trustworthiness in that it gives an accused an opportunity to verify the results or to subpoena and challenge those who conducted the analysis, should that be a contested issue. As our Supreme Court said in *Gray*:

[Code § 19.2-187] deals with criminal matters, and it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection. Thus, the statute should be construed strictly against the Commonwealth and in favor of the accused. This rule of construction is particularly applicable to the filing requirements of Code § 19.2-187; these requirements are contained in a proviso to the Code section. The proviso serves to limit and restrain what precedes it in the statute.

220 Va. at 945, 265 S.E.2d at 706 (citations omitted).

Myrick contends that the Commonwealth failed to comply strictly with the filing requirement because the certificate filed in Petersburg Circuit Court was a copy and was not the original document. Thus, Myrick's objection on the ground that a copy rather than the original was filed raises neither a hearsay question nor a filing problem under Code § 19.2-187. Rather, Myrick's objection raises a "best evidence" question, which is whether a copy of the certificate of analysis qualifies as an original or can be filed in lieu of the original for the purposes of pretrial filing as required by Code § 19.2-187. If the copy qualifies for filing, the authentication by the technician who did the analysis and prepared the certificate which was on the original, and is on the copy, obviates the hearsay problem. In addition, if the copy qualifies in lieu of an original, the filing requirement was satisfied because the copy was filed at least seven days prior to trial as required by Code § 19.2-187.

■ While Code § 19.2-187 provides for pretrial filing of a certificate, rather than for its admissibility in evidence, the purpose of the filing requirement is solely to satisfy the statutory prerequisites in order for the certificate to be admissible at trial; thus, in considering whether a copy, rather than the original, can be filed under Code § 19.2-187, the same requirements for admitting a copy into evidence must be satisfied.

Prior to trial, Myrick raised no question that the copy was not an accurate photocopy or was not a replica of the original. When he objected at trial to the admissibility of the photocopy which had been prefiled, he made no assertion that the photocopy differed from the original or that the photocopy contained any omissions, additions, deletions or inaccuracies. The Commonwealth,

during trial, obtained a copy of the original which remained filed in the district court and had it certified in accordance with the requirement of Code § 8.01-389(A). The Commonwealth offered the certified copy in evidence to verify that the copy which had been prefiled and was now being offered in evidence was accurate and to explain the unavailability of the original.

■ The best evidence rule or original document rule requires that the original of the document be produced only where the contents of the document *per se* are to be proved. *See* C. Friend, *Law of Evidence in Virginia* §§ 192-195 (3d ed. 1988). In other words, when the terms of a writing or document are material, the original must be produced unless it be shown that the original is unavailable, in which case secondary evidence may be introduced to prove the facts. *See* E. Cleary, *McCormick on Evidence* § 230 (3d ed. 1984). Accepting that the content of the certificate was material to prove that test results had been obtained and reported, Myrick did not contest the content of the certificate or that the copy replicated the certificate. "While this Court has long required proof of a case through the most reliable evidence available, . . . [Myrick] has not challenged the content of the. . . [certificate] as represented in the photocopy." *Carmody v. F.W. Woolworth Co.*, 234 Va. 198, 200, 361 S.E.2d 128, 129 (1987). Moreover, the Commonwealth offered an authenticated copy which established that the copy which had been filed was accurate. Myrick did not challenge that fact. Moreover, whether the certificate is an original is an issue collateral to whether the certificate can be used to prove that an analysis was conducted and the results thereof. Accordingly, the trial court did not err in ruling that a photocopy of a certificate of analysis could be filed in lieu of an original certificate under Code § 19.2-187, provided the proof established that the photocopy was a replica of the original.

## II. SUFFICIENCY OF THE EVIDENCE

■ On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it. *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). The nature of an illegal substance

may be demonstrated by circumstantial evidence.

> [E]vidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in case for the substance, evidence that the transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence.

*Hill v. Commonwealth*, 8 Va. App. 60, 63, 379 S.E.2d 134, 136 (1989). Even without the certificate of analysis, the evidence that the substance was cocaine was uncontroverted. *See Brooks v. City of Newport News*, 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982). A police officer who was an eyewitness to the transaction testified that he saw Myrick and Chambers involved in a conversation; he then saw Myrick give Chambers small plastic vials filled with a white substance in exchange for money. Proferio Chambers testified that when he asked Myrick for "rocks," he meant crack cocaine, and without objection from Myrick, he testified that he purchased crack cocaine. Chambers testified that when he swallowed the vial, he experienced the sensation of numbness, which he recognized as the same effect he had experienced from his previous use of crack cocaine. The officer who packaged the remaining vial for laboratory analysis testified that in the twelve hundred cocaine cases in which he had been involved, the substance sold by Myrick was consistent with cocaine in texture, appearance, and in the way it was packaged.

The certificate of analysis provides additional proof that the substance was cocaine which Myrick sold to Chambers. The judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Cole,* J., concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991, and thereafter by designation pursuant to Code § 17-116.01.