COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


MICHAEL ANTOINE LEE
                                MEMORANDUM OPINION[*] BY
v.          Record No. 0139-95-3    CHIEF JUDGE NORMAN K. MOON
                                     MARCH 4, 1997
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                   Frank I. Richardson, Jr., Judge

           Wayne T. Baucino, Assistant Public Defender
           (Office of the Public Defender, on brief),
           for appellant.

           Margaret Ann B. Walker, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Michael Antoine Lee appeals his conviction of burglary in

violation of Code § 18.2-91.  Lee raises two question: (1)

whether the trial court's instruction to the jury that in the

absence of evidence showing a contrary intent, they may infer

that a defendant's unauthorized breaking into the building of

another in the nighttime was with the intent to commit larceny,

was misleading; and (2) whether the Commonwealth's failure to

provide Lee certified copies of his criminal record fourteen days

prior to trial, as required by Code § 19.2-295.1, rendered the

evidence of Lee's prior convictions inadmissible in the

sentencing proceeding.

     We hold that the jury instruction, an accurate statement of

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the law and applicable to the facts, was not misleading.

Further, we hold that the Commonwealth's failure to precisely comply with the procedural requirements of Code § 19.2–295.1 did not violate Lee's substantive rights or result in prejudice to him. Accordingly, we affirm.

At approximately 10:30 p.m., on May 29, 1994, Lee entered the premises of Martinsville Glass Company through a plexiglass window located beside a ventilation fan in the rear of the building. Lee's entrance triggered a silent alarm, alerting local police. Martinsville Police Officer M.H. Swanson received a call from Martinsville's 911 center and responded, arriving at Martinsville Glass Company within one minute of the call.

Swanson and another officer entered the premises and found Lee sitting in a chair in the rear of the garage area. Lee did not have anything in his possession belonging to Martinsville Glass, but the front office appeared to have been searched. Papers were strewn about, and the drawers of a desk had been pulled out. After being read his Miranda rights, Lee stated that he had just gotten inside when the police arrived, he "didn't intend to steal anything," and that he merely wanted to "give the owners of Martinsville Glass a hard time."

At trial, over Lee's objection, the Commonwealth offered among its jury instructions, Instruction 6, which stated that "[i]n the absence of evidence showing a contrary intent, you may infer that a defendant's unauthorized breaking into the building of another in the nighttime was with the intent to commit

- 2 -

larceny."

During the sentencing phase of Lee's bifurcated trial, Lee objected to admission of his prior convictions for, among other things, grand larceny, breaking and entering and grand larceny, shoplifting, and destruction of property.  Lee objected to evidence of his prior convictions because certified copies of the prior convictions were not supplied to him by the Commonwealth fourteen days in advance of trial.

<u>Jury Instruction</u>

Lee's objection to Instruction 6 as being without precedent and misleading, is without merit.  In <u>Jones v. Commonwealth</u>, 3 Va. App. 295, 349 S.E.2d 414 (1986), we held that:

> in a prosecution of burglary with intent to commit larceny, the state must prove the specific intent to steal beyond a reasonable doubt, although it may and frequently must prove such intent by the facts and circumstances.  <u>In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny.</u>

<u>Id.</u> at 299, 349 S.E.2d at 417 (emphasis added).

Thus, Instruction 6 correctly stated the law, and we find nothing about the instruction that is misleading.  <u>See</u> <u>Kelly v. Commonwealth</u>, 8 Va. App. 359, 374 S.E.2d 270 (1989).  Lee seeks to expand the reason for his objection on appeal to include the argument that the evidence did not support the granting of the instruction.  Rule 5A:18 bars Lee from raising a new argument on appeal except as required to meet the ends of justice.  Lee was

found to have entered the building of another in the nighttime. Although Lee stated at the time of his arrest that he did not enter with intent to commit a larceny, the jury was not required to accept his testimony. It is for the trier of fact to ascertain a witness' credibility and it is within the fact finder's discretion to accept or reject any of the testimony offered. Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Because the record does not show any obvious miscarriage of justice, the ends of justice do not permit waiver of the Rule 5A:18 bar. Commonwealth v. Mounce, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

### Prior Convictions

At the time of Lee's trial, Code § 19.2-295.1 provided in relevant part that "the Commonwealth shall provide to the defendant fourteen days prior to trial photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing." In interpreting the statute, it is important to determine "whether it is mandatory and jurisdictional or directory and procedural." Cheeks v. Commonwealth, 20 Va. App. 578, 582, 459 S.E.2d 107, 109 (1995).

> A mandatory provision in a statute is one that connotes a command and the omission of "`which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding; and a statute may be mandatory in some respects, and directory in others.'"

Id. (quoting Ladd v. Lamb, 195 Va. 1031, 1035, 81 S.E.2d 756, 759

- 4 -

(1954) (citation omitted)).

In <u>Riley v. Commonwealth</u>, 21 Va. App. 330, 464 S.E.2d 508 (1995), we concluded that Code § 19.2-295.1 is a procedural statute and that its provisions do not convey a substantive right. <u>Id.</u> at 337, 464 S.E.2d at 511. Because Code § 19.2-295.1 is directory and procedural, the Commonwealth's failure to precisely comply with its provisions does not result in the <u>de facto</u> inadmissibility of evidence of Lee's prior convictions. Here, Lee's trial was set on November 30, 1994, for December 15, 1994. Lee admits that he received certified copies of his prior convictions nine days prior to his trial. Lee was presumptively entitled to, but did not request, a six day continuance in order to fully avail himself of his procedural rights under Code § 19.2-295.1.

Lee's analogy of Code § 19.2-295.1 to the filing period for certificates of analysis of drugs under Code § 19.2-187 is misguided. Code § 19.2-187

> establishes an exception to the rule against admitting hearsay, which traditionally has been considered unreliable evidence. Since the statute authorizes the admission into evidence of documents whose reliability had not been independently proven, the requirement that the certificate be filed seven days in advance provides some guarantee of trustworthiness in that it gives an accused an opportunity to verify the results or to subpoena and challenge those who conducted the analysis, should that be a contested issue.

<u>Myrick v. Commonwealth</u>, 13 Va. App. 333, 337, 412 S.E.2d 176, 178 (1991). Code § 19.2-187 substitutes the accused's constitutional

right to cross-examine a witness presenting or preparing evidence, with the seven day notice requirement. Here, Code § 19.2-295.1 does not impinge on any constitutional or substantive right and hence cannot be characterized as providing a substitute for such a right.

The record before us contains no evidence that the Commonwealth's failure to precisely comply with the procedural requirements of Code § 19.2-295.1 violated Lee's substantive rights or resulted in prejudice to him. Accordingly, we hold the trial court did not abuse its discretion in admitting the evidence of Lee's prior convictions, and we affirm.

<u>Affirmed.</u>

Coleman, J., concurring in part and dissenting in part.


I concur with the majority that the trial court did not commit reversible error by admitting into evidence proof of the defendant's prior convictions during the sentencing phase of the trial, even though the Commonwealth failed to timely comply with the filing requirement. However, I disagree with the majority's holding that it was proper for the trial court to instruct the jury that it may infer an intent to steal merely from a lack of evidence of contrary intent. Accordingly, I dissent.

The challenged jury instruction stated, "[i]n the absence of evidence showing a contrary intent, you may infer that a defendant's unauthorized breaking into the building of another in the nighttime was with the intent to commit larceny." In effect, the instruction told the jury that they could infer an intent to steal merely because no evidence of contrary intent was presented. In my opinion, the instruction is an incorrect statement of the law and is an improper instruction to the jury. The Commonwealth must prove each and every element of an offense beyond a reasonable doubt. <u>Hamm v. Commonwealth</u>, 16 Va. App. 150, 153, 428 S.E.2d 517, 520 (1993). Intent to commit a specific crime as part of a breaking and entering is an essential element of burglary. <u>See</u> Code § 18.2-91; <u>Ridley v. Commonwealth</u>, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case."

_Id._  The instruction given by the court effectually dispensed with the Commonwealth's burden of proving that the burglar intended to commit a theft because it told the jury that they could infer such an intent from a lack of evidence.  A lack of contrary intent alone cannot give rise to an inferred intent to steal.  The circumstantial evidence must support an inference of an intent to steal.  A lack of evidence that tends to prove a contrary intent is certainly a circumstance that may be considered, but the lack of evidence alone does not prove intent, contrary to the jury instruction.

The language used to formulate the instruction came from _Ridley_, 219 Va. at 837, 252 S.E.2d at 314.[1]  _See also_ _Jones v. Commonwealth_, 3 Va. App. 295, 299, 349 S.E.2d 414, 417 (1986).  However, the Supreme Court has frequently said that "statements appearing in opinions of courts, while authority for the propositions set forth, are not necessarily proper language for jury instructions."  _Oak Knolls Realty Corp. v. Thomas_, 212 Va. 396, 397, 184 S.E.2d 809, 810 (1971); _see also_ _Blondel v. Hays_, 241 Va. 467, 474, 403 S.E.2d 340, 344 (1991); _Brown v. Commonwealth_, 238 Va. 213, 221–22, 381 S.E.2d 225, 230 (1989); _Snyder v. Commonwealth_, 220 Va. 792, 797, 263 S.E.2d 55, 58 (1980).  Moreover, "when, as here, the evidence relevant to the determination of a factual issue essential to the disposition of

---

[1]The language from _Ridley_ is mentioned as possibly being appropriate for a jury instruction in the comments to Model Jury Instruction No. 13.220.  _See_ Virginia Model Jury Instructions – Criminal, at I–233 (1995).

the dispute is in conflict, trial courts should not grant instructions that appear to place a judicial imprimatur on selective evidence."  Nelms v. Nelms, 236 Va. 281, 286, 374 S.E.2d 4, 7 (1988); see also Oak Knolls Realty, 212 Va. at 397-98, 184 S.E.2d at 810.

In my opinion, the language that the majority relies upon from Ridley was merely intended as guidance to the bench and bar for determining at trial whether the quantum of circumstantial evidence is legally sufficient to prove that the perpetrator broke and entered with the specific intent to commit larceny. The language was not intended as proper for a jury instruction. Moreover, when the language is given as an instruction, it constitutes a comment on the evidence by the trial judge.  For these reasons, I would reverse the defendant's conviction and remand the case for a new trial on the merits.