COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


RONALD WAYNE LEWIS
                                        MEMORANDUM OPINION[*]
v.   Record No. 0430-96-2               BY JUDGE MARVIN F. COLE
                                              JUNE 3, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Lee A. Harris, Jr., Judge

          John H. Click, Jr. (White, Blackburn & Conte,
          P.C., on brief), for appellant.

          Ruth Ann Morken, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Ronald Wayne Lewis (Lewis) was convicted of the distribution

of cocaine in violation of Code § 18.2-248.  He contends on

appeal that the trial judge erred by admitting the certificate of

analysis in violation of the filing requirements of Code

§ 19.2-187.  We find no error and affirm the conviction.

     During Lewis' trial, the Commonwealth introduced into

evidence four envelopes containing cocaine that the Commonwealth

contended Lewis sold to an informant.  The Commonwealth then

attempted to introduce the certificate of analysis for these

substances.  Lewis objected to the admission of the certificate

because it was not filed with the trial court within seven days

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of the trial pursuant to Code § 19.2-187.[1]  The trial judge

sustained the objection, and the Commonwealth called Robert

Steiner, the chemist who performed the analyses of the

substances, as a witness to authenticate the certificate.

Steiner identified his signature on the certificate.  He

then opened the exhibit envelopes containing the cocaine and

testified that each exhibit corresponded to an item number in his

report.  Steiner agreed that the certificate of analysis

reflected the analysis he performed on each of the four listed

items.  He also testified that the bags containing the cocaine

bore his initials, the "F.S." lab number, which corresponded to

the numbers used in this case, and the dates on which he analyzed

the material.

---

[1]Code § 19.2-187 provides, in pertinent part:

> In any hearing or trial of any criminal offense . . . a certificate of analysis of a person performing an analysis or examination, performed in any laboratory operated by the Division of Consolidated Laboratory Services or the Division of Forensic Science . . . when such certificate is duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

The trial judge found that Steiner received the items, that he properly identified the items he received as corresponding to the items he examined, that he could identify the items by lab number, that the results reported in the certificate were accurate, and that they reflected Steiner's testing of the items. The judge accepted Steiner's testimony, and he admitted the certificate of analysis, stating that it was "only being introduced as being the conclusion of what [Steiner] found . . . ."

> A written report offered to prove the results of testing or of an analysis would generally be inadmissible hearsay evidence unless the person who conducted the testing or prepared the report testified to authenticate the document and verify its contents. Code § 19.2-187 was enacted to allow into evidence a written report of an analysis or examination conducted by specified laboratories, without requiring that the technicians be present. The statute sets forth specific safeguards, however, with which the Commonwealth must comply when it seeks to have a certificate of drug analysis admitted into evidence without independently proving the test results or authenticity of the report . . . .

Myrick v. Commonwealth, 13 Va. App. 333, 336-37, 412 S.E.2d 176, 178 (1991).

"[I]n the absence of the preparer of the certificate as a witness at trial, the failure of the Commonwealth fully to comply with the filing provisions of [Code] § 19.2-187 renders the certificate inadmissible." Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980).

3

Therefore, the Commonwealth's failure to file the certificate within seven days of the trial precluded the introduction of the certificate at trial "without independently proving the test results or authenticity of the report." Myrick, 13 Va. App. at 337, 412 S.E.2d at 178. However, the Commonwealth properly authenticated the certificate by calling Steiner, the chemist who performed the analyses and who signed the certificate, to testify concerning his analyses and the information on the certificate. Lewis then had the opportunity to cross-examine Steiner to verify the results shown on the certificate and to challenge the analyses of the substances. The authentication of the certificate by the technician who performed the analyses and prepared the certificate "obviates the hearsay problem" associated with the admission of the certificate of analysis. See id. at 338, 412 S.E.2d at 179.

Similarly, "Code § 19.2-188 provides a statutory exception to the hearsay rule by permitting investigation reports and autopsy reports of the Chief Medical Examiner or his assistants to be received in evidence without requiring the investigating official to testify." Fitzgerald v. Commonwealth, 223 Va. 615, 630, 292 S.E.2d 798, 806 (1982). In Fitzgerald, the defendant contended that, because the medical examiner testified at the trial, the trial judge erred in admitting the medical examiner's investigation report and his autopsy report. The defendant argued that the reports contained inadmissible hearsay. See id.

4

The Supreme Court held:

> There is no preclusive language in
> [Code § 19.2-188] barring introduction of the
> reports if the investigating official
> testifies; we decline to construe the statute
> to require an election by the Commonwealth to
> introduce the relevant evidence either by a
> qualified witness or by the written reports.
>     As to the hearsay objection, we hold
> that any error in admitting portions of the
> report containing inadmissible opinions, was
> harmless beyond a reasonable doubt.

Id. at 630, 292 S.E.2d at 806-07.

Therefore, assuming, without deciding, that the trial judge admitted the certificate of analysis for the limited purpose of "being the conclusion of what [Steiner] found," any error in admitting portions of the certificate that contained information not testified to by Steiner was "harmless beyond a reasonable doubt." See id.

In summary, Steiner's testimony linked the items introduced in court as the substances that he analyzed, that he identified as cocaine, and that he reported in the certificate of analysis. Lewis was free to cross-examine Steiner concerning all aspects of his analyses and concerning the information contained in the certificate of analysis. The opportunity to cross-examine the chemist who performed the tests and who prepared the certificate eliminated the hearsay problem associated with the admission of the certificate when the Commonwealth failed to comply with the filing requirements of Code § 19.2-187. Therefore, the trial judge did not err in admitting the certificate of analysis.

5

For the reasons set forth above, we affirm the decision of the trial judge.

<u>Affirmed</u>.