# CIRCUIT COURT OF THE CITY OF RICHMOND

Virginia Employment Commission

v.

Century Construction Co., Inc.

December 10, 1999

Case No. LF-1764-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on the defendant's, Century Construction Co., Inc.'s (Century), Special Plea of Statute of Repose, Demurrer, Plea of Sovereign Immunity, and Plea to the Jurisdiction of the Court. The parties submitted briefs, and following argument at a hearing in November, the issues have been under advisement. The facts for purposes of decision are not in dispute.

The primary issues presented is whether the plaintiff's cause of action for breach of contract is barred by Virginia's statute of repose, Va. Code § 8.01-250, as amended.[1] The court looks to plaintiff's Motion for Judgment to determine whether, if proved at trial, plaintiff's allegations can withstand defendant's Special Plea. See *Tate v. Colony House Builders, Inc.*, 257 Va. 78, 80 (1999).

On March 22, 1990, the Virginia Employment Commission (VEC) and Century contracted for the construction of a new branch facility for the VEC. In June of 1991, Century Construction Company, Inc., merged with Century and is the alleged successor-in-interest to Century Buildings Systems. Therefore, plaintiff contends, Century is liable for actions arising from the contract entered into by Century Building Systems.

---

[1] The parties agree that the Commonwealth of Virginia or any of its agencies are not subject to the statute of limitations.

In a certificate dated January 17, 1999, the Division of Engineering and Buildings of the Department of General Services agreed that the construction was substantially complete, "except for exterior and sitework." The parties agree that final payment came in January of 1993.

Beginning in the spring of 1991, however, VEC notified Century of leakage and moisture in the building. Century made several repairs, but the problem persisted even after final completion of the building.

During the next four years, VEC alleges that it investigated the cause of the leaks. Eventually, the leaks destroyed parts of interior and exterior walls constructed by Century. Based on inspection, VEC concluded that some parts in the construction were defectively installed or omitted. VEC notified Century in March of 1997. Century denied liability. VEC alleges that in response to Century's denial, VEC continued to investigate and evacuated the building due to health concerns raised over the growing mildew and mold in the branch office. VEC notified Century in December of 1998, and Century again denied liability.

On July 27, 1999, VEC filed this action against Century alleging that the alleged defects were a breach of the construction contract and that Century, as successor-in-interest, is liable for VEC's damages. Century brings a Special Plea and asserts that Virginia's statute of repose bars VEC's breach of contract action. Plaintiff argues that the statute of repose does not apply to this breach of contract action. The court agrees with plaintiff's argument and, therefore, denies defendant's plea.

Code § 8.01-250 states in relevant part:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement of real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or finishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

Thus, this statute of repose bars actions against builders where a plaintiff seeks recovery for "any injury to property, real or personal ... ." It does not distinguish between tort and contract claims, but, by its terms, bars actions based on the injuries a plaintiff sustained.

In *Tate v. Colony House Builders, Inc.*, 257 Va. 78, the Supreme Court of Virginia found that an action for fraud was not barred by § 8.01-250. There, plaintiffs sued a builder of a home who warranted, *inter alia*, the quality of construction. Although the action sounded in tort, the court observed that the injury in a fraud action "acts upon the person of the victim, rather than upon the property." *Id.* at 85.

More pertinent here where the question is whether § 8.01-250 bars a contract action, the court also stated:

> We have stated that "Code § 8.01-250 is a redefinition of the substantive rights and obligations of the parties to any litigation 'arising out of the defective and unsafe condition of an improvement to real property' .... [T]he lapse of the statutory period was meant to extinguish all the rights of a plaintiff, *including those which might arise from an injury sustained later* and to grant a defendant immunity from liability for all the torts specified in the statute." *Hess v. Snyder Hunt Corp.*, 240 Va. 4, 52, 392 S.E.2d 817, 819 (1990), quoting *School Bd. of the City of Norfolk v. U. S. Gypsum*, 234 Va. 32, 37-38, 360 S.E.2d 325, 328 (1987). However, as we observed in *Hess*, Code § 8.01-250 is only applicable to those torts specified in the statute. Fraud is not a tort specified in the statute because, as we have stated, the wrongful act involved in fraud is "aimed at the person." *Pigott v. Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). (Emphasis in original.)

*Id.* at p. 85. This leads the court to believe that if the Supreme Court is presented with the question, it would decide that the statute does not apply to actions for breach of contract. The court agrees with plaintiff that the alleged injuries in this case are not those contemplated in the statute and thus is not barred by the statute of repose. Accordingly, the Special Plea and Demurrer raising the statute of repose is overruled.