COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


BYRON VONDELL LYONS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0406-00-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       DECEMBER 12, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                       Walter J. Ford, Judge

          Charles E. Haden for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Byron Vondell Lyons (appellant) was convicted in a bench

trial of possession of cocaine with intent to distribute in

violation of Code § 18.2-248 and possession of a firearm while

simultaneously possessing a controlled substance in violation of

Code § 18.2-308.4(B).  The sole issue raised is whether the trial

court erred in admitting the drug analysis into evidence because

appellant did not receive a copy of the certificate of analysis

filed in the circuit court at least seven days prior to trial as

required by Code § 19.2-187.  Finding the admission of the

certificate to be error, we reverse and remand his convictions.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

Prior to the preliminary hearing in general district court, appellant requested and received a copy of the certificate of analysis pursuant to Code § 19.2-187.  At the preliminary hearing on March 24, 1999, the district court found no probable cause to proceed with the charge of possession of cocaine with intent to distribute.  On April 5, 1999, a grand jury directly indicted appellant on the charges of possession of cocaine with intent to distribute and possession of a firearm while in possession of cocaine with the intent to distribute.  On the same day, appellant submitted a motion for discovery requesting among other things, a copy of the certificate of analysis.  On September 9, 1999, the Commonwealth's attorney requested the certificate from the general district court record be transferred to the circuit court for appellant's trial on October 19, 1999.  Neither the Commonwealth's attorney nor the clerk of the circuit court provided a copy of the certificate filed in the circuit court to appellant prior to trial.

At trial the certificate of analysis was admitted over appellant's objection that he had not received a copy of it at

-

least seven days prior to the circuit court trial as required by Code § 19.2-187. During the trial, appellant's counsel reviewed the certificate and agreed it appeared no different than the one provided in the general district court prior to the preliminary hearing. The trial judge ruled that the Commonwealth's attorney had "substantially complied" with the statute and admitted the certificate of analysis in evidence.

II.

Code § 19.2-187 provides, in pertinent part, that

> [i]n any hearing or trial of any criminal offense . . ., a certificate of analysis of a person performing an analysis or examination . . . shall be admissible in evidence, as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.

(Emphasis added). Thus, a certificate of analysis is admissible only if a copy "is mailed or delivered by the clerk or attorney for the Commonwealth to [defense] counsel at least seven days prior to the hearing or trial upon request of such counsel." Code § 19.2-187 (emphasis added). However, a certificate "is not admissible if the Commonwealth fails strictly to comply with

-

the provisions of Code § 19.2-187." Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993).

The contents of a "written report offered to prove the results of testing or of an analysis would generally be inadmissible hearsay evidence," absent authentication and verification by "the person who conducted the testing or prepared the report." Myrick v. Commonwealth, 13 Va. App. 333, 336-37, 412 S.E.2d 176, 178 (1991); Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980). However, Code § 19.2-187 "imposes a condition for the exoneration of an otherwise hearsay document from the application of the hearsay rule, thus making that document admissible." Basfield v. Commonwealth, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990); Myrick, 13 Va. App. at 338, 412 S.E.2d at 178. Because this statute "deals with criminal matters, and it undertakes to make admissible evidence which otherwise" might be objectionable, it "should be construed strictly against the Commonwealth and in favor of the accused." Gray, 220 Va. at 945, 265 S.E.2d at 706; Myrick, 13 Va. App. at 337-38, 412 S.E.2d at 178.

In the instant case, while a copy of the certificate was properly provided in the general district court, the Commonwealth failed to perform its obligation under the statute to provide the certificate to defense counsel seven days prior to trial in the circuit court. In this case, neither the clerk of the circuit court nor the Commonwealth's attorney mailed to

-

defense counsel a copy of the certificate filed with the trial court.  Failure to strictly comply with the provisions of Code § 19.2-187 prevents the certificate from being admitted into evidence.

The Commonwealth argues that even if it was error to admit the certificate of analysis, it was harmless. Non-constitutional error in a criminal case requires reversal of a conviction unless the Commonwealth establishes that the error has not affected the verdict.  See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991).  The only other evidence offered by the Commonwealth was circumstantial evidence that the appellant had previously sold cocaine and, therefore, this white powder might be cocaine.  However, these statements did not establish that the substance taken from appellant at the time of his arrest was cocaine.  Based upon the record before us, we cannot say that the circumstantial evidence was enough to establish that the substance was cocaine and render the use of the certificate of analysis harmless.  Accordingly, we reverse and remand for further proceedings should the Commonwealth be so advised.

Reversed and remanded.

-